The suit was originally commenced by one Farrow, the intestate of the plaintiffs against the defendant as a warehouseman, declaring on a special contract to keep and deliver to plaintiff's order on (179) demand, four bales of cotton, and for a failure to deliver said cotton, also declaring in the common counts. Defendant pleaded "Gen. issue."
For the plaintiff, Dr. Gilmer testified, that in December, 1856, he shipped on the road of the defendant, to his own order four bales of cotton to Charlotte; that he sold this cotton to plaintiffs' intestate by sample; that a clerk of said intestate and himself went to the depot of the defendant and found the cotton in the depot building; that they weighed it on the scales of the defendant in the depot and left the cotton on the scales. The plaintiffs' intestate was a buyer and shipper of cotton to South Carolina.
A. H. Martin, for plaintiff, testified, that in December, 1856, he was agent of the Charlotte and South Carolina Railroad Company at Charlotte, and extending from thence to Columbia, S.C.; that a man named Powe was the station agent of the defendant at Charlotte.
Plaintiff proposed to prove by this witness the declarations of Powe, made three or four days after the cotton in question was weighted and left at the depot, in a conversation that occurred when the cotton was first demanded. This was objected by defendant, but received by the Court. Defendant excepted.
The witness then further testified, that three or four days after the cotton was weighed and left at the depot, the plaintiffs' intestate, in the presence of the witness, asked Powe what he had done with the cotton? To which he replied, "I turned it over to the Charlotte and South Carolina Railroad Company." Witness then said, "You did not turn it over to me," and asked what evidence he had? He replied that he turned it over to one of the loading clerks of the Charlotte and South Carolina Railroad Company; that he had no receipt. This was all the evidence.
The reply of this witness to Powe, denying that the cotton had been turned over to him, was objected to by defendant and admitted by the Court. Defendant again excepted.
The defendant requested in writing, the Court to give the jury (180) the following instructions:
1. That there is no evidence that the defendant had the cotton as warehouseman for the plaintiffs' intestate, or as a bailee, and that the plaintiffs cannot recover. *Page 155 
2. There is no evidence that said intestate lost any of the Gilmer cotton.
The instructions were refused by his Honor, who charged the jury as to the different degrees of care to be taken in matters of bailment, to which there were no exceptions. He further instructed the jury, that the defendant could only be held liable, from the evidence, as a warehouseman. That the declarations of Powe were evidence that the defendant held the cotton for the plaintiffs' intestate; and that if the jury should find that when Powe found the cotton on the scales, he assented to hold the cotton for Farrow, the said intestate, there would be ground to charge the defendant as a warehouseman.
Defendant excepted to this charge, and for refusal to give the instructions prayed for.
The jury returned a verdict for the plaintiffs. Rule for a new trial; rule discharged. Judgment and appeal by the defendant.
What an agent says or does within the scope of his agency, and while engaged in the very business, is evidence for or against his principal as part of the res gestae.
But evidence of his declarations, made subsequently, as to what he haddone, is inadmissible. It is only hearsay. And this although he may continue to act as agent in other matters, or generally. Smith v. Railroad,68 N.C. 107. That is decisive of this case.
If the plaintiff left the cotton on storage with the defendant, and defendant failed to deliver it on demand, he is prima facie
liable. If it was lost or destroyed, then the question of (181) negligence arises. But that is not now before us.
There is error.
PER CURIAM. Venire de novo.
Henry v. Willard, 73 N.C. 43; Black v. Bayless, 86 N.C. 534;Southerland v. R. R., 106 N.C. 105; Egerton v. R. R., 115 N.C. 648;Albert v. Ins. Co., 122 N.C. 96; Darlington v. Tel. Co., 127 N.C. 450;Hamrick v. Tel Co., 140 N.C. 153; Younce v. Lumber Co., 155 N.C. 241;Gazzam v. Lumber Co., 155 N.C. 341; Styles v. Mfg. Co., 164 N.C. 377;Morgan v. Benefit Society 167 N.C. 266; Chevrolet Co. v. Ingle,202 N.C. 158. *Page 156