BRANCH & POPE v. WILMINGTON & WELDON RAILROAD
COMPANY.

*Transcript— Railroad—Agent and Principal—Evidence.*

1. The transcript of a record on appeal must show the matters at issue in the
   case; they cannot be supplied by a reference to those in the record of
   another case.

2. The declarations of an agent in reference to acts not within the scope of his
   agency, are not admissible to affect the principal; *Therefore,* in an action
   against a railroad company for the penalty for delay in shipment of local
   freight, it was held error to admit the declarations of a station agent, to
   the effect that the company, during a certain season, used most of its cars
   in transporting through freight—his agency being unconnected with the
   through freight business.

3. The clause in a bill of lading that the goods will be shipped "at the con-
   venience of the company," will not protect it from liability for an unrea-
   sonable delay.

( *Whitehead* v. *R. R. Co.*, 87 N. C., 255 ; *Smith* v. *R. R. Co.*, 68 N. C., 107, cited
and approved).

CIVIL ACTION tried at Fall Term, 1882, of HALIFAX Supe-
rior Court, before *McKoy, J.*

The defendant appealed.

*Messrs. Mullen & Moore,* for plaintiffs.

*Messrs. Gatling & Whitaker* and *Day & Zollicoffer,* for defen-
dant.

SMITH, C. J.    The plaintiffs, on December 28, 1881, deliv-
ered to the defendant's agent at the depot of the company, in
Enfield, twenty bales of lint cotton for transportation over its
road and a connecting line, consigned to commission merchants
in Norfolk, Virginia, and they remained in the defendant's ware-
house until the 7th of January, 1882, before being sent off in
the company's cars.

The bill of lading or receipt given to the plaintiffs, at the

time of the deposit with the agent, contains a clause that the cotton is received "for transportation at company's convenience," and this was accepted by the plaintiffs.

The action is to recover the penalty given by the act of 1874–'75, ch. 240, § 2, for allowing freight received for shipment to remain unshipped for more than five days, unless a contrary agreement be entered into, and the defence set up in the answer is, that "as soon as the defendant could provide the necessary cars, the said cotton was forwarded to the consignees, and that owing to the large amount of cotton and other freight delivered to the defendant for transportation at that season, it was impossible to ship the cotton at an earlier date."

The record states that all the issues, not setting them out, were found by the jury in favor of the plaintiffs, and this defect the counsel undertake to supply by a written agreement, signed by both, that the issues were the same as those in the record of the appeal in *Bell v. W. & W. Railroad Co., at this term, except as to the number of days in the third issue. We cannot recognize this method of amending the record, requiring the court to look into the transcript of another case to obtain the information necessary in deciding the appeal in this. That, counsel by consent are permitted to do, and then the record is itself corrected.

We must, therefore, consider the issues submitted to the jury to be such as arise upon, and are eliminated from the pleadings, and among them that raised in the concluding paragraph of the answer, alleging in excuse the inability of the defendant to provide cars for transportation sooner.

To combat the defence, resting upon a loose and imperfect statement of facts in explanation and excuse for the delay, one of the plaintiffs was examined on their behalf, and permitted,

---

*The judgment below in this case was affirmed upon the authority of *Whitehead* v. *Railroad Co.*, 87 N. C., 255. The appeal was taken before the decision in that case, and the appellant withdrew his exception.

after objection, to testify to a declaration made by the company's agent, after the goods had been forwarded, in which the agent said, "they were not shipped sooner than they were, because the company used most of its cars during that period (from December 28, 1881, to January 7, 1882) to transport through freight, which it preferred to local freight." It was shown, before the declaration was introduced, and in support of the objection to its admission, that the agent's authority extended to receiving and forwarding freight at that station; to the loading and unloading of cars; to the delivery of freight received, and collecting charges for transportation; and to conveying information to other agents of the company of the need of more cars. The agency was unconnected with through freight. To the reception of the proof of the agent's declarations the defendant excepted.

The substantial controversy between the parties, shown upon the pleadings, is as to matters of excuse sufficient, upon a fair and reasonable interpretation of the statute, to relieve the carrier company from the penalty imposed, as explained in the recent case of *Whitehead* v. *R. R. Co.*, 87 N. C., 255, and the evidence, if competent, was pertinent and material to the inquiry. That it was inadmissible, is expressly decided in *Smith* v. *R. R. Co.*, 68 N. C., 107, in which the rule is thus stated by RODMAN, J.: "What an agent says in the course of doing an act in the scope of his agency, characterizing or qualifying the act, is admissible as part of the *res gestœ. But if his right to act in the particular matter in question has ceased, his declarations are mere hearsay, which do not affect the principal.*

The clause in the receipt assenting to the conveyance of the goods at the convenience of the company, cannot be permitted to protect the company from liability for an unreasonable detention of the goods in their warehouse, nor from the forfeiture incurred thereby. It would be against public policy to allow common carriers to free themselves from this common law obli-

gation, by a stipulation that they should consult their own con-
venience about the time of carriage of goods entrusted to their
custody for that purpose.

There is error, and there must be a *venire de novo*.

Error.                                    *Venire de novo.*