No. 17,002.

LAVELLE v. THE STATE.

CRIMINAL LAW.—*Arson.*—*Indictment, Sufficiency of.*—*Court House.*—
Where an indictment for arson, omitting the formal parts, charged that the defendant "did then and there unlawfully, willfully, maliciously, and feloniously set fire to, burn, and thereby destroy *large parts of the county court house,* situated in Daviess county, in the State of Indiana, which was then and there the property of said Daviess county, and which parts of said county court house, so burned and destroyed as aforesaid, was then and there of the value of eight thousand dollars, and which said county court house was then and there of the value of fifty thousand dollars," such indictment is sufficient, the setting to, etc., *large parts of the house,* was setting fire to the house itself; and even if not so construed, the indictment charges, at least, a fair attempt to burn the court house.

From the Pike Circuit Court.

*A. J. Padgett, C. K. Tharp, F. B. Posey, D. Q. Chappell, E. P. Richardson* and *A. H. Taylor,* for appellant.

*A. G. Smith,* Attorney-General, and *W. E. Cox,* Prosecuting Attorney, for State.

HOWARD, C. J.—The appellant was indicted and tried

for arson. On the verdict of the jury, he was convicted of the crime; and, after the overruling of a motion for a new trial, and also a motion in arrest of judgment, he was sentenced to imprisonment in the State prison for eight years, and fined.

The motion for a new trial, and the reasons therefor, are not set out in the record, and the only assignment of error argued by counsel is that the court erred in overruling the motion in arrest of judgment. This motion was as follows:

"The defendant moves the court for arrest of judgment in the above entitled cause, for the reason that the second count in the indictment (being the count upon which defendant was convicted) does not state facts sufficient to constitute a public offense."

The second count of the indictment is in these words:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present that James C. Lavelle, Michael Lavelle and Aaron B. Hawes, on the 7th day of October, A. D. 1891, at and in the county of Daviess, in the State of Indiana, did then and there unlawfully, willfully, maliciously and feloniously set fire to, burn and thereby destroy large parts of the county court house, situated in Daviess county in the State of Indiana, which was then and there the property of said Daviess county, and which parts of said county court house so burned and destroyed as aforesaid was then and there of the value of eight thousand dollars, and which said county court house was then and there of the value of fifty thousand dollars."

The statute upon which the indictment was based, being an amendment of section 1927, R. S. 1881, adopted March 9, 1891 (Acts 1891, p. 402), is, so far as we need set it out, as follows:

"Whoever willfully and maliciously burns or attempts

to burn any dwelling house or other building, finished or unfinished, occupied or unoccupied, whether the building be used or intended for a dwelling house or for any other purpose, * * * the property so burned or attempted to be burned being of the value of twenty dollars or upwards, and being the property of another, * * is guilty of arson, and upon conviction thereof shall be imprisoned in the State prison not more than twenty-one years, nor less than one year, and fined not exceeding double the value of the property burned, or attempted to be burned."

Counsel for appellant contend that the second count of the indictment above set out is bad, as "it does not charge that appellant did set fire to, burn, and destroy the court house or anything else, but it charges that he 'did set fire to, burn, and thereby destroy large parts of the county court house.' In other words, it charges that he set fire, not to the court house, but to 'large parts' of it."

It would seem that the mere statement of counsel's contention is its own sufficient refutation. Setting fire to a part of a thing is certainly setting fire to the thing itself.

It may be admitted that the count in the indictment is not artistically drawn. It is almost wholly unpunctuated. Yet, taking the words just as they stand, and punctuating the clauses according to the rules of grammar, we think that the language will be found clear to a common intent, and will constitute a plain and intelligible charge of the crime intended to be charged by the pleader, to wit, that the appellant and the others indicted with him, "did then and there unlawfully, willfully, maliciously, and feloniously set fire to, burn, and thereby destroy large parts of, the county court house, etc."

But the statute provides that not only one who "burns," but also one who "attempts to burn any

dwelling house or other building," is guilty of arson. And, in section 1737, R. S. 1881, it is declared that "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used." Even, therefore, if we take the interpretation given by counsel to the indictment, that it does not charge that appellant set fire to the court house, but only to "large parts" of it, still it will be difficult to understand that this is not at least a charge of attempting to burn the court house. To "set fire to large parts of the court house" is certainly a very fair attempt to burn the court house itself.

Verbal refinements in the construing of criminal pleadings are not in harmony with the spirit of our code; but, except in the case of words and phrases defined by law, the words used "must be construed in their usual acceptation, in common language." R. S. 1881, section 1736.

So looking at the words of this indictment, there can be no doubt as to the offense charged against the appellant. Neither the court nor the jury, nor the appellant himself, could have any uncertainty as to what was intended. We think, therefore, that even if the question here raised was on a ruling of the court to quash the indictment, nevertheless, this count must be held good.

There was, however, no motion to quash. The appellant went to trial on the indictment as it was. Mere formal, technical or grammatical errors in an indictment, which do not obscure the meaning to a common intent, are cured by the verdict, and are not available on appeal. They are, at most, harmless errors.

In the case of *Graeter* v. *State,* 105 Ind. 271, Judge MITCHELL, in speaking for the court, said that while the offense charged in that case was not stated with as much

certainty as a strict regard for technical precision might require on a motion to quash, yet that "On a motion in arrest, if the indictment is found to contain all the essential elements of a public offense, even though to some extent defectively stated, it will be held sufficient. *Greenley* v. *State*, 60 Ind. 141; *Lowe* v. *State*, 46 Ind. 305; *Shepherd* v. *State*, 64 Ind. 43." See, also, *Nichols* v. *State*, 127 Ind. 406, and cases there cited.

We think the indictment, while somewhat informal, was good even .on a motion to quash; it was certainly good after verdict.

The judgment is affirmed.

Filed Jan. 9, 1894.