W. B. FERRELL and Wife, and others v. E. S. BROADWAY.

(Decided March 27, 1900.)

*Motion to Set Aside Judgment—Infant Parties by Next Friend—Rights Supervised by Court—No Compromise Without Consent of Court—Effect of Verdict and Judgment on Question of Legitimacy.*

1. Whether the verdict and judgment, rendered against infants, after the death of their next friend, by consent of counsel, was submitted to and approved by the Court, is a matter material to its validity, and necessary to be ascertained, before passing on a motion to set aside for irregularity.

2. While a consent decree may be entered against an infant, when the facts are developed and found by the Court, who adjudges it to be for the best interest of the infants, yet where issues are joined, but no evidence introduced. and no explanation made to enable the Court to exercise supervision over the interest of the infants, a consent verdict and judgment will not stand.

3. A verdict and judgment establishing the legitimacy of a party to a suit is conclusive. and is *res adjudicata* as to all the world.

MOTION upon affidavits, to set aside a judgment rendered in this cause at August Term, 1887, for irregularity, heard before *Bryan, J.*, at November Term, 1899, of LENOIR Superior Court.

His Honor refused the motion to set aside. The plaintiffs excepted and appealed.

The grounds of the application are stated in the opinion.

*Messrs. N. J. Rouse, E. C. Smith,* and *Womack & Hayes,* for appellants.

*Messrs. Aycock & Daniels, Allen & Dortch,* and *T. C. Wooten,* for Grainger, appellee.

MONTGOMERY, J.   At August Term, 1887, of Lenoir
Superior Court, there was an action pending in which W. D.
Broadway, M. L. Broadway and Alice (Broadway) Faulk-
ner, were the plaintiffs, and E. S. Broadway, their brother,
was the defendant.   The object of the suit was to have the
defendant declared a trustee for them of a certain tract of
land which had been sold by a decree of the Superior Court,
made at Fall Term, 1880, and which land at its sale was pur-
chased, as the plaintiffs allege, by the defendant, for their
benefit.   At the aforesaid August term of the court, the
issues joined by the pleadings were submitted to the jury, and
the responses thereto were in favor of the defendant, and
judgment was rendered accordingly.

The plaintiffs were infants under twenty-one years of age,
and their next friend, W. B. Ferrell, had died before the
verdict and judgment, and no other next friend had been
appointed.

The present proceeding grows out of a motion of the plain-
tiffs, who are now of full age, to have that verdict and judg-
ment set aside for irregularity.   Notice was served upon
J. W. Grainger, a purchaser of the land from E. S. Broad-
way.   It was stated in one of the affidavits filed by the plain-
tiffs (that of C. A. Broadway), "That the alleged verdict and
judgment in the cases of W. B. Ferrell and wife, *et al,* against
E. S. Broadway, was by consent, and no evidence upon the
issues nor proof of the facts were ever submitted to the jury,
it being a merely formal submission of the issues, and very
soon thereafter the property came into the possession of J. W.
Grainger; that affiant was present when this matter was sub-
mitted as above stated, and affiant verily believes that J. W.
Grainger was also present and was aware of the manner in
which the issues were submitted by the Court.   Grainger in
his answer to the motion in his first affidavit did not unequiv-

ocally deny the statements made in the affidavit above men-
tioned, but he affirmed that the plaintiffs were estopped by
the judgment of 1880, under which the lands were sold and
purchased by the defendant. He did deny that he had any
connection either with procuring or obtaining the rendition
of the judgment at August Term, 1887, or that he knew of the
proceedings in the case; but that was not a denial of the state-
ment in the affidavit of C. A. Broadway that he, the defend-
ant Grainger, knew that the verdict and judgment were made
by consent of the counsel of the infant plaintiffs and the
defendant E. S. Broadway. But in a second affidavit filed
two days after the first he did make a specific denial of knowl
edge of the alleged compromise. He did not deny, however,
that he had knowledge before he took a deed for the land.
The defendant E. S. Broadway had conveyed to Grainger
the land after the verdict and judgment of 1887.

Whether or not the issues were submitted and responded to
by the jury, as was affirmed by C. A. Broadway in his affi-
davit, and the defendant had knowledge that they had been
so submitted, were most material matters to be inquired into
in this investigation. His Honor made no finding of fact
upon that question, and we are satisfied that no just or intel-
ligent disposition can be made by this proceeding until that
fact is found. It is true that his Honor was not requested
by the plaintiffs to find that fact, but upon a thorough exami-
nation of the matters embraced in this motion, as they appear
in the record, we have decided *ex mero motu* to remand the
case that that fact may be found. *Fertilizer Co. v. Reams,*
105 N. C., 283.

We are not intimating, by making this order, to remand
the case, that a next friend of the infants can not agree to a
consent decree or judgment in a case where all the facts are
developed and found by the Court, and an order made that

the arrangement would be best for the interest of the infants. Such a case as that is not before us. But it may be taken to be the law that, in a case where issues are joined between infants on one side and the adverse party, and no evidence is introduced, and nothing is done or said on the trial except that an agreement is entered into by the next friend or counsel of the infants, that the verdict shall be rendered against the infant, the verdict and judgment will not bind the infants. In such a case, the Court would have no knowledge of the facts, and therefore could not exercise any supervision over the interest of the infants. The object in having a next friend appointed for infants is to have their rights and interests claimed and protected, and the next friend or their counsel will not be permitted to yield their rights to others by a consent verdict and judgment where the Court has exercised no supervision over the arrangement.

His Honor found as a fact that the plaintiffs were not the heirs of J. W. Broadway, deceased, under whom they claim an interest in the land. If that finding were correct, there would be no use in remanding the case. But we think that was not an open question.

It appears from the record that in a proceeding in Lenoir Superior Court for partition of a tract of land of J. W. Broadway, deceased, wherein the movers in this proceeding were plaintiffs and E. S. Broadway was defendant, an issue was submitted to the jury as to whether the plaintiffs and defendant were heirs-at-law of J. W. Broadway and tenants in common of the land; that the response of the jury to the issue was in the affirmative, and partition was ordered, and no appeal was had therefrom. The legitimacy of the plaintiffs was from that time *res adjudicata* as to all the world. *Enniss v. Smith,* 55 U. S., 400.

Remanded.