## FERRELL v. BROADWAY.

(December 22, 1900.)

For syllabus, see *Arthur v. Broadway,* this term.
  Under ruling in *Arthur v. Broadway,* at this term, the former
      decision in this case (126 N. C.,258), is overruled and the
      judgment appealed from is affirmed.

MONTGOMERY and DOUGLAS, JJ., dissenting.

ON PETITION for re-hearing.    For former opinion, see
126 N. C., 258.   Petition granted.

*Allen & Dortch,* and *Battle & Mordecai,* for the petitioner.
No counsel in opposition.

CLARK, J.   This is a petition to re-hear this case, which
is reported in 126 N. C., 258.   The proceeding is a motion
in the cause to set aside a judgment rendered at August
Term, 1887, of LENOIR Superior Court.   The Judge found
as facts:   That in 1883 an action was brought by W. B.
Ferrell and others (among whom are all the movers herein)
to have E. S. Broadway, who had in 1880 bought a tract of
land at foreclosure sale, declared a trustee for the plaintiffs
in that action.   The movers herein were parties-plaintiff
therein, and, being minors, were represented by their next
friend, W. B. Ferrell; and their counsel were George V.
Strong and D. E. Perry, both of whom are since dead.   That
at August Term, 1887, the defendant having filed answer,
judgment was entered as follows:   "The following jurors,
having been chosen, impaneled, and sworn to try the issues
arising upon the pleadings, for their verdict say that they
find all the issues in favor of defendant; and it is thereupon
ordered and adjudged that the plaintiffs take nothing," etc.
That W. B. Ferrell, the next friend of the movers herein,

died during the pendency of the action, but his death was not suggested, and no other next friend was appointed for the infant plaintiffs.  That nothing indicated the death of the next friend during the pendency of the action, and the proceedings, upon their face, are entirely regular.  The Court further found that E. S. Broadway, in 1887, mortgaged the realty in question to J. W. Grainger, and in 1890 conveyed said land to Grainger for full value, and that said Grainger had no notice of any irregularity in the proceeding, and no notice either that W. B. Ferrell died pending said litigation, or that no next friend was appointed.  The Judge further found that no notice of the motion to set aside said judgment of 1887 for irregularity was served on Grainger till November, 1899, and that he was a "purchaser for full value, in good faith, and without notice."  Upon these findings of fact, his Honor properly refused to set the judgment aside. *Williamson v. Hartman,* 92 N. C., 236; *Fowler v. Poor,* 93 N. C., 470.  The proceeding to have E. S. Broadway declared a trustee for the movers was terminated in 1887.  The proceedings were regular on their face.  The only irregularity complained of is that the next friend of the infant plaintiffs died pending the action.  But they were represented by able and honorable counsel, and the presumption of regularity in judicial proceedings is that in fact they had another next friend appointed, and that the order failed, by some accident, to be recorded (as is extremely probable, from the high character of the counsel), and has since been lost. At any rate, the proceedings were regular on their face, and the Judge finds explicitly that J. W. Grainger bought without notice of the irregularity alleged, for full value, and in good faith.  The plaintiffs slept on their rights, if any they had, for 12 years, before taking this proceeding.  On the former hearing the Court was impressed by an affidavit which

averred that the judgment at August Term, 1887, was entered by consent.    What effect, if any, that should have·on a subsequent purchaser for full value and without notice, we need not discuss.    (*Tyson v. Belcher,* 102 N. C., 112, and numerous cases there cited) ; for, upon examining the record, we find the judgment does not so state, nor is that assertion found to be true by his Honor, who set out the recital of the verdict by jury, on issues raised, as the truth of the matter. It was not necessary that the Judge should, in his findings, expressly negative every averment in the affidavits that he does not find to be true, even when there may be no affidavit expressly denying a particular allegation in an affidavit. Besides, that affidavit was filed in another cause (*Arthur v. Broadway*), though, it is true at this term, and involving the same tract of land (*Branch v. Railroad Co.,* 88 N. C., 573 ; *Perry v. Adams,* 96 N. C., 347).    A party aggrieved by a judgment must move to set it aside before the right of innocent third parties have intervened.    *Le Duc v. Slocomb,* 124 N. C., 351; *Vick v. Pope,* 81 N. C., 22.    His Honor having found that Jesse W. Grainger bought for full value in good faith, and without notice of any irregularity, it could serve no purpose to remand the case to find whether the judgment was by consent or not, which, if it be an irregularity, is not alleged in the motion, and whose existence, indeed, would not impair the title of a *bona fide* purchaser for value and without notice, any more than that which is alleged, and which would not excuse to any greater extent the negligence of movers for 12 years to take any steps to set aside the judgment.    Petition allowed,    and the judgment below affirmed.

MONTGOMERY, J. (dissenting).    My views of the matters involved in this appeal remain as they were when the former

opinion (126 N. C., 258) was delivered. His Honor did find as a fact that the purchaser, Grainger, bought the land without notice and for a fair price, but there was no evidence before him upon which that fact ought to have been found. He did not find the material fact to be found, that Grainger did not know that the judgment against the plaintiffs was a compromise judgment entered into by their consent, without having been submitted to the Judge who presided, and that the verdict of the jury was merely and purely formal, as was alleged in the affidavits. The counsel employed were honorable men, but they were not empowered to make a compromise verdict and judgment for infant clients, especially as their next friend in the action was dead when the judgment was entered and the agreement made. The supervision of the Judge presiding was necessary.

DOUGLAS, J., concurs in the dissenting opinion.