## HAMRICK v. TELEGRAPH CO.

(Filed December 5, 1905).

*Telegraphs— Mental  Anguish— Damages— Principal  and Agent—Evidence—Res  Gestae.*

1. In an action against a telegraph company for damages for mental anguish where it appears that the defendant delayed for twenty-eight hours to deliver to plaintiff the following telegram: "Come home at once. Your wife is bad off," and that immediately upon its receipt he started home, having been informed of the delay, and on arrival found his wife very ill, that she continued so for eleven weeks and recovered, *held*, there was some evidence of mental anxiety.

2. It was error to permit the plaintiff to testify as to a conversation about the telegram had with the agent of the defendant at the depot ten or fifteen minutes after the plaintiff received the telegram, which was handed him by his employer.

3. What an agent says while doing acts within the scope of his agency is admissible as a part of the *res gestae*. What he says afterwards concerning his acts is hearsay and inadmissible.

ACTION by W. D. Hamrick against Western Union Telegraph Company, heard by *Judge T. A. McNeill* and a jury, at the March Term, 1905, of the Superior Court of RUTHERFORD.

This was an action to recover damages for delay in the delivery of a telegram. From a judgment for the plaintiff, the defendant appealed.

*McBrayer & McBrayer* and *B. A. Justice* for the plaintiff.

*F. H. Busbee & Son* and *W. R. Whitson* for the defendant.

BROWN, J.  The evidence tends to show that the plaintiff's wife, being very ill, procured one Huntley to send the

following telegram from Forest City to the plaintiff at Old Fort, N. C., about forty miles distant, viz.: "Bill, come home at once, your wife is bad off;" and also that the defendant negligently delayed the delivery of the telegram at Old Fort for some twenty-eight hours. Immediately upon receipt of the telegram, the plaintiff started home, and on arrival found his wife very ill. She continued so for eleven weeks and recovered.

(1) It is contended by the defendant that the evidence does not disclose a state of facts from which the jury can infer mental anguish; that the plaintiff was relieved of twenty-eight hours' anxiety on account of his wife's condition by reason of the delay, and that inasmuch as he arrived home and found his wife alive, and as she recovered, he has failed to show reasonable grounds for mental anxiety arising from the delay in delivering the telegram. The argument is plausible. But it does not take into account the possibility that when the plaintiff finally received the message his mental anxiety may have become very acute and much increased for fear his wife may have died during the 28 hours of delay. The mental disturbance, vexation and increased anxiety, which the knowledge of the delay may have caused to the plaintiff's mind, will readily occur to any one. Now, if the plaintiff had not been informed of the great delay in the delivery of the telegram before he started home, the defendant's contention would be sound. We are of opinion there was some evidence of mental anxiety caused by the unreasonable delay, sufficient to be considered by the jury.

(2) During the trial, the plaintiff being examined in his own behalf, stated that ten or fifteen minutes after receiving the telegram, which was handed to him by an employee of a tanning company, for which company the plaintiff was working, the plaintiff went to the depot and had a conversation with the agent of the defendant company about this telegram, in which conversation the agent made certain state-

ments and admissions with regard to its receipt and transmission, why it had not been delivered sooner, etc. To the introduction of this testimony detailing conversations had, and admissions and statements made by the agent of the defendant company at the time stated, the defendant excepted. In the reception of this evidence there was error.

In no possible aspect of the evidence can these declarations be considered as part of the *res gestae* as was contended. It seems to be the invariable rule that the declarations of an agent, to be admissible as a part of the *res gestae,* must have been made at the place where the occurrence happened. No declaration made at a different place and at a different time has ever been treated as any part of the *res gestae*. *Railroad v. Stein,* 19 L. R. A., 733; *Simon v. Manning,* 99 N. C., 327; *Southerland v. Railroad,* 106 N. C., 100.

The authorities are uniform that what an agent says while doing acts within the scope of his agency is admissible as a part of the *res gestae*. What he says afterwards concerning his acts is hearsay and inadmissible. *Smith v. Railroad,* 68 N. C., 107; *McComb v. Railroad,* 70 N. C., 178; *Branch v. Railroad,* 88 N. C., 575. In the case of *Western Union Tel. Co. v. Way,* 4 Southern Rep., 844, the Supreme Court of Alabama holds that statements of an agent of a telegraph company are not competent as against the company to prove that a message was not transmitted, when not made in performance of any duty relating to its transmission. In *Darlington v. Tel. Co.,* 127 N. C., 448, it is held that conversations of an agent of a telegraph company before, or declarations by him after sending a message, are incompetent to fix the company with notice of its importance.

New Trial.