STATE v. JOHN PEEBLES.

(Filed 22 December, 1915.)

**Evidence—Homicide—Declarations—Res Gestæ.**

Declarations to be competent as a part of the *res gestæ* must not relate to a past completed transaction; and declarations of the deceased as to the defendant's careless handling of a pistol which accidentally fired and caused the wound resulting in his death are not competent on the trial for the homicide, when not made at the time of the shooting, but a short time thereafter.

APPEAL by defendant from *Webb, J.,* at July Term, 1915, of HAY-WOOD.

Indictment for murder. The defendant was tried for murder in the second degree and convicted of manslaughter, and from the judgment rendered appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Smathers & Clark for defendant.*

BROWN, J. The defendant was convicted of manslaughter in the killing of one A. M. Bennett. The testimony tended to prove that the defendant was assistant postmaster and agent for a railroad at Sunburst, N. C., and that the homicide occurred in the station office of the railroad company. It is due to the defendant to say that there is no evidence of any intentional killing, but the evidence for the State tends to prove that the death of Bennett was caused by a careless handling of a pistol by the defendant, and upon that theory he was convicted of manslaughter.

During the trial one Cola Allen, the State's witness, was permitted to testify over the defendant's objection as to the declarations of the deceased. The question was asked this witness: "What did Mr. Bennett say?" Witness testified: "I asked him a question first; asked him if it hit him, and he said 'Yes, it did.' And almost immediately afterwards, he said: 'I told John to keep that gun away from my direction.' "

*This declaration was admitted as part of the res gestæ.* The evidence shows that the declaration was not made at the time of the shooting, but a short while thereafter. We are of opinion that the testimony was improperly admitted. It is fundamental that in order for a declaration to be received in evidence as a part of the *res gestæ* it must be a part of the main transaction and in time so closely related to it that the declarant has had no time or opportunity to premeditate about what he shall say in the declaration.

In *Harper v. Dale,* 92 N. C., 394, it is said: "Declarations to become a part of the *res gestæ* must be made at the time of the act done

and must be such as are calculated to unfold the nature and quality of the facts they are intended to explain and to so harmonize with them as to obviously constitute one transaction."

In *Bumgardner v. R. R.,* 132 N. C., 439, it was held that in an action against a railroad company for personal injuries a statement of a person to the party injured a very short time after the accident relative to the condition of the train is not a part of the *res gestæ* and is not competent.

In *Parker v. State,* 136 Ind., 234, 35 N. E., 1105, the following was excluded as a part of the *res gestæ:* Where deceased, immediately after being shot in his drug store, ran upstairs and, falling in his wife's arms, exclaimed, "My God! I am shot; those colored fellows that were in there when you were there were the ones that shot me." It was held that the declaration as to who shot him is not admissible as a part of the *res gestæ.*

In *Pledger v. Chicago, B. and Q. R. R. Co.,* 69 N. W., 1057, in a personal injury action, the declarant was asked this question: "Were you on the train?" He replied: "Yes; the brakeman pushed me off, and I believe my foot is cut off." The exclusion of this evidence was held no error. In *S. v. McDaniel,* 68 S. C., it was held that statements made by the defendant two minutes after the shooting, after he had gone two or three hundred feet, were not a part of the *res gestæ,* not only because of time and place, but apparently on the ground that they were not spontaneous utterances.

We think the testimony admitted in this case is distinctly a narrative of a past, completed transaction, and is not admissible as a part of the *res gestæ.* *Simon v. Manning,* 99 N. C., 331; 11 Enc. Ev., p. 313.

New trial.