AMERICAN BANK AND TRUST COMPANY v. JOSEPH W. HARRIS ET AL.

(Filed 27 October, 1920.)

**Bills and Notes—Negotiable Instruments—Actions—Defenses—Payment —Evidence—Judgments—Appeal and Error—Issues—Verdict.**

There were allegations in the complaint, in an action upon a note, that the plaintiff was a holder for value by endorsement, before maturity; and the answer denied the execution of the note, and alleged that the defendant had executed a prior note to the same payee in a different amount which he had paid, on which defense the evidence was excluded. There were only two issues, submitted without exception, one as to the execution of the note and the other as to the validity of its endorsement to plaintiff, under agreement between the parties, that if the jury found the note sued on had been executed by defendant they should find for the plaintiff in that amount: *Held,* no error in the judgment accordingly rendered in plaintiff's favor upon an affirmative finding of the jury on the issue as to whether defendant had executed the note sued on.

APPEAL by defendant from *Guion, J.,* at the April Term, 1920, of NEW HANOVER.

This is an action on a note under seal for $297.27, of date 23 August, 1913, secured by a mortgage, which the plaintiff alleges was executed by the defendant to J. J. Darby, and that it was transferred by indorsement to the plaintiff bank for value before maturity.

The defendants denied the execution of the note and the transfer to the plaintiff, and alleged the execution of a note to said Darby on 28 September, 1912, for $315, as to which note they pleaded payment.

They further alleged that they have never executed any note or mortgage to Darby except the note of 28 September, 1912, and did not plead payment of the note sued on.

The jury returned the following verdict:

"1. Was the note and mortgage described in the complaint executed by defendants, Joseph W. Harriss and wife, as alleged? Answer: 'Yes.'

"2. Was said mortgage and note assigned to plaintiff for value and before maturity? Answer: 'Yes.'

"3. If not, what sum, if any, is defendant, Joseph W. Harriss, indebted to plaintiff? And it being agreed between counsel for plaintiff and defendant that if the first issues should be answered 'Yes,' that the amount due is $297.27, with interest from 23 August, 1913, until paid."

Judgment was rendered accordingly, and the defendant appealed.

*Woodus Kellum for plaintiff.*
*Rodgers & Rodgers for defendant.*

ALLEN, J. The pleadings raise two issues, one as to the execution of the note of $297.27, of date 23 August, 1913, by the defendants to

Darby, and the other its transfer to the plaintiff bank, and as no exception relates to either of these issues, the judgment must be affirmed.

The evidence of the defendant, excluded by the court, was an offer to prove that he had paid the note of September, 1912, and the receipts, which were not admitted in evidence, antedated the note sued on, all of the evidence tending to the conclusion that the defendant has settled the note of 1912, and has paid two other notes of $75 and $57.50 executed by them, and have paid nothing on the note in controversy.

They could not well claim payment of a note which they denied executing in the pleadings, and on the witness stand, and when, as stated in the judgment, it was "agreed between counsel for plaintiff and defendant that if the first issue should be answered 'Yes,' that the amount due is $297.27, with interest from 23 August, 1913, until paid."

No error.