WILLIAM FOX, Administrator of WILLIAM ADIE ENGLISH v. VOLUNTEER STATE LIFE INSURANCE COMPANY.

(Filed 20 December, 1923.)

1. **Insurance—Life—Principal and Agent—Local Agent—Negligence—Policies—Premiums.**

    *Held*, this case was tried in accordance with the decision in the former appeal on the question as to whether the negligence of the defendant's local agent was the cause of the first premium not being paid, it being the condition upon which the company's liability thereon was made to depend.

2. **Same—Evidence—Appeal and Error.**

    In this case *held*, the evidence of statements made by the agent of the defendant life insurance company's local agent for the delivery of the policy as to his acts and conduct therein related to the question of his negligence at that time and was competent upon the trial.

STACY, J., dissenting.

Fox v. Insurance Co.

Appeal by defendant from *Bryson, J.*, at May Term, 1923, of MADISON.

*Mark W. Brown for plaintiff.*
*Martin, Rollins & Wright, and Pou, Bailey & Pou for defendant.*

PER CURIAM. Civil action. The case was brought to this Court at a former term, on appeal from a judgment of nonsuit (185 N. C., 121), and a new trial was awarded the plaintiff. It was admitted that the application (parts 1 and 2) and the policy, when issued, should constitute the entire contract between the parties, and that the policy should not take effect until it was issued and delivered and the premium paid; but the Court held that the jury should be allowed to pass upon the defendant's alleged negligent failure to deliver the policy in due time. The case was again taken up at the May Term, 1923, and was tried in substantial accordance with the opinion of the Court. There was disagreement between the parties as to the meaning of the first issue, but the crucial question was whether the defendant negligently delayed the delivery of the policy after it went into the hands of the local agent when the plaintiff's intestate was in good health, and was ready, able, and willing to pay the premium, and the question, which practically included three issues, was answered by the jury in favor of the plaintiff.

The defendant's exceptions to evidence of statements made by its agent are untenable. The statements qualified or explained the conduct of the agent at a time when he was engaged in doing the work and performing the duties required of him and were not a mere narration of what had previously occurred. *Berry v. Cedar Works,* 184 N. C., 187; *Hamrick v. Telegraph Co.,* 140 N. C., 151; *Darlington v. Telegraph Co.,* 127 N. C., 448; *Branch v. R. R.,* 88 N. C., 573. Nor can we sustain the other exceptions to the admission of evidence. The motion for nonsuit seems to have been based on the agreement that the policy should not take effect until it was delivered and the premium was paid, but this question was disposed of in the former appeal. We find

No error.

STACY, J., dissents.