MRS. CELESTE S. STALEY v. ROYAL PINES PARK, INCORPORATED, AND FRED SEEL.

(Filed 27 January, 1932.)

1. **Pleadings D d—Demurrer on ground that complaint does not state cause of action may be interposed at any time.**

    A demurrer to the complaint on the ground that the complaint does not state a cause of action may be interposed at any time, even on appeal to the Supreme Court, but the demurrer is overruled in this case, the complaint sufficiently alleging a cause of action for actionable negligence.

2. **Evidence D a—Competency of testimony as a part of the res gestæ.**

    In order for a declaration to be admissible as a part of the *res gestæ* it is necessary that the act itself should be admissible apart from the declaration that accompanies it, that the declaration should be uttered simultaneously, or almost simultaneously, with the occurrence of the act, and that it should be in explanation of the act.

**3. Same—Evidence in this case held not competent as being a part of the res gestæ.**

Where the plaintiff is injured by falling down a flight of stairs leading to the "ladies rest room" in an amusement park and brings action against the owner thereof alleging that the stairs were not in a reasonably safe condition, a deposition of the plaintiff to the effect that the one who had given her permission to use the stairs had said after the accident that he was sorry and that they had intended to fix the stairs, is improperly admitted in evidence as a part of the *res gestæ*, the act of giving permission not being such an act, exercised simultaneously with the injury, as the term *res gestæ* implies, and the declaration being made after the injury and the plaintiff failing to establish that it was made within the time necessary to constitute a part of the *res gestæ*, and it not being of a subsisting fact but an expression of a preëxisting state of mind.

**4. Evidence G b—Testimony in this case held not competent as being of declaration against interest.**

The power to make declarations against the interest of a company cannot be inferred as incidental to the duties of a general agent in charge of the current dealings of the business, and where declarations of a "person in charge" of the business are sought to be introduced in evidence and there is no evidence of the scope of the agent's authority, the admission of the evidence against the company as a declaration against its interest is reversible error, the burden being upon the plaintiff to establish the competency of this evidence.

APPEAL by defendants from *McElroy, J.,* at May Term, 1931, of BUNCOMBE. New trial.

*Galloway & Galloway for plaintiff.*
*Bourne, Parker, Arledge & DuBose for Royal Pines Park, Inc.*

ADAMS, J. This action was instituted to recover damages for personal injury suffered by the plaintiff. Pleadings were filed, the cause came on for hearing, and the jury answered the issues of negligence, contributory negligence, and damages in favor of the plaintiff. Judgment was rendered on the verdict, and the defendants appealed.

In this Court the Royal Pines Park, Inc., moved to dismiss the action for the alleged reason that the complaint does not state a cause of action. This is one of the two grounds of demurrer which may not be waived but may be interposed at any time, even on appeal to the court of last resort. *Hunter v. Yarborough,* 92 N. C., 68; *Halstead v. Mullen,* 93 N. C., 252. But the motion must be denied. The complaint states facts which are sufficient to constitute a cause of action; and the evidence is not so meager as to require a dismissal of the action.

The plaintiff is a resident of Florida; the defendant Seel is a resident of Buncombe County; and the Royal Pines Park, Inc., is a corporation organized under the laws of North Carolina. The plaintiff alleges

that the defendants for profit operated a playground for the amusement and entertainment of the public; that she went upon the premises and was given permission to use the "ladies' rest room," to reach which it was necessary for her to go down a flight of steps; that the carpet on the top steps had worn away; that the bare steps had become "slick, worn, water-soaked, slippery, very dangerous" and were not "in a reasonably safe condition"; and that in going down the steps she fell and was injured by reason of the defendants' negligence.

The plaintiff's deposition was offered in evidence and to the admission of the following part of it the defendants excepted: Q. Was anything said to you by any one after you had received the fall you have just described? A. Yes. Q. What was said and by whom? A. The man in charge of the premises who had given me permission to use the ladies rest room came to where I was at the foot of the steps and said, "I am awfully sorry that you got hurt. We had intended to fix that carpet, but have just neglected to do so."

This evidence was improperly admitted unless it was competent either as a part of the res gestæ or as a declaration against interest.

As a rule the law subjects to two tests all testimony submitted to a jury: the sanction of an oath and an opportunity for cross-examination. One of the exceptions to the rule admits declarations which constitute a part of the act, usually described as res gestæ. S. v. Dula, 61 N. C., 211. Such evidence is admissible under the following conditions: There must be (1) an act in itself admissible in the case independently of the declaration that accompanies it; (2) a declaration uttered simultaneously, or almost simultaneously, with the occurrence of the act; and (3) the explanation of the act by what is said when it happens. The declaration is not admissible unless the act which it characterizes is in itself admissible. So, the first inquiry is whether there is any evidence that the declarant did anything so closely related as to become a necessary incident of the litigated act—i. e., the alleged negligent injury.

The record discloses no sufficient evidence to this effect. The one to whom she applied merely gave the plaintiff permission to use the room, and his permission was nothing more than his formal consent; it was in no sense such exertion of power, exercised simultaneously with the injury, as the term res gestæ implies. The time when the leave was granted or when the plaintiff availed herself of it is a matter of speculation. There is, therefore, no evidence of such an act by the asserted agent or employee of the defendants as is prerequisite to the admission of the proffered declaration. S. v. Dula, supra.

Furthermore, the plaintiff testified that the alleged declaration was made after the injury. This is indicated by her counsel's question. How long afterwards is not shown. Declarations are not admissible as res

*gestæ* unless made during the course of the main transaction or in connection with it immediately thereafter. *Bumgardner v. R. R.,* 132 N. C., 438; *S. v. Peebles,* 170 N. C., 763; *Batchelor v. R. R.,* 196 N. C., 84. Let us concede, as suggested in *S. v. Spivey,* 151 N. C., 676, and *S. v. Bethea,* 186 N. C., 22, that the *res gestæ* cannot be arbitrarily confined within any limit of time; still in considering the defendants' exception we cannot infer, in the absence of evidence on the point, that the declaration was made within such period as would justify its admission. That was a matter of proof, and it was incumbent upon the plaintiff to establish her case upon competent evidence.

It may be noted, in addition, that the declaration relates, not to a concomitant act, but to a purpose previously entertained. In form it is narrative; it does not characterize a subsisting fact; it deals with the past; it purports to express a preëxisting state of mind.

For the reasons given we conclude that the evidence was not competent as *pars rei gestæ. Simon v. Manning,* 99 N. C., 327, 331; *Queen v. Ins. Co.,* 177 N. C., 34.

We are also of opinion that it is not competent as a declaration against interest. There is no proof that the person who made the statement is the defendant Seel; the question is whether the statement made by the person who is in charge of the premises is binding on the defendants. Evidently it was not. It was said in *Smith v. R. R.,* 68 N. C., 107: "The power to make declarations or admissions in behalf of a company as to events or defaults that have occurred and are past, cannot be inferred as incidental to the duties of a general agent to superintend the current dealings and business of the company." This principle is applicable even if "the person in charge" was, as the plaintiff contends, the general agent of the defendants; but there is an impressive absence of evidence as to the scope of the agent's authority. *Wallace v. R. R.,* 70 N. C., 178; *Pope v. R. R.,* 88 N. C., 573. For error in the admission of evidence there must be a new trial.

New trial.