FIRST AND CITIZENS NATIONAL BANK v. SUDIE TOXEY, W. C. LLOYD TOXEY, SARAH J. TOXEY, AND J. H. AYDLETT.

(Filed 23 September, 1936.)

**1. Bills and Notes H c—**

Where a party denies that he endorsed the note sued on or authorized his signature thereto, evidence that he endorsed the original note, and that the note sued on was executed in renewal of the original note, is competent on the issue.

**2. Evidence E d—**

Statements made by agents or employees after completion of the transaction in question are inadmissible against the principal.

**3. Appeal and Error A c—**

Where a party dies pending appeal, his personal representative will be made a party by order of the Court. Rule 37.

APPEAL by defendant J. H. Aydlett from *Small, J.,* at March Term, 1936, of PASQUOTANK. No error.

This is an action to recover on a note for $500.00, payable to the plaintiff. The note was due on 26 September, 1932. The action was begun on 9 September, 1935.

It is alleged in the complaint that the note sued on was executed by the defendants Sudie Toxey and W. C. Lloyd Toxey, as makers, and by the defendants Sarah J. Toxey and J. H. Aydlett, as endorsers.

Judgment by default for want of answers was rendered by the clerk of the Superior Court of Pasquotank County, in favor of the plaintiff and against the defendants Sudie Toxey, W. C. Lloyd Toxey, and Sarah J. Toxey.

The defendant J. H. Aydlett filed an answer in which he denied that he endorsed the note sued on, and alleged that he did not write or authorize anyone to write his name on the back of the note sued on.

At the trial the issues were answered by the jury as follows:

"1. Did the defendant J. H. Aydlett endorse the note sued on? Answer: 'Yes.'

"2. In what amount, if any, is the defendant J. H. Aydlett indebted to the plaintiff on the note sued on, dated 26 August, 1932? Answer: '$500.00, with interest from 26 September, 1932.'"

From judgment in accordance with the verdict, the defendant J. H. Aydlett appealed to the Supreme Court, assigning as errors rulings of the trial court with respect to evidence.

*John H. Hall for plaintiff.*
*M. B. Simpson for defendant.*

PER CURIAM. At the trial evidence was offered by the plaintiff tending to show that the note sued on was tendered to and accepted by the plaintiff in renewal of a note payable to the plaintiff, which was executed by the defendants Sudie Toxey and W. C. Lloyd Toxey, as makers, and by the defendants Sarah J. Toxey and J. H. Aydlett, as endorsers. The defendants' objection to this evidence was overruled. The evidence was competent as tending to show that the defendant had endorsed the note sued on, as the evidence for the plaintiff tended to show. The decision in *American Bank and Trust Co. v. Harris,* 180 N. C., 238, 104 S. E., 458, is not applicable in this appeal.

Evidence was offered by the defendant tending to show statements made by officers and employees of the plaintiff, subsequent to the acceptance by the plaintiff of the note sued on, to the effect that the name of the defendant appearing on the back of the note was not in his handwriting. This evidence was properly excluded. See *Hamrick v. Telegraph Co.,* 140 N. C., 151, 52 S. E., 232.

We find no error in the trial. The judgment is affirmed.

While this appeal was pending in this Court, the defendant J. H. Aydlett died. His administrator, Julian E. Aydlett, was duly made a party defendant by an order made by this Court. Rule 37.