W. L. LOWE v. J. A. ELLIOTT et al.

*Evidence—Negligence.*

In an action by an employee to recover for injuries alleged to have been received in consequence of defective machinery, used by his employer, the fact that, after the injury, the defendant substituted machinery of different material and adopted additional precautions in its use, is no evidence of negligence.

This was a CIVIL ACTION, tried before *Philips, J.,* at the Spring Term, 1890, of CATAWBA Superior Court.

It was in evidence that the defendants were manufacturers of furniture, operating a large factory and much machinery, in the city of Charlotte, North Carolina, on the 13th day of September, 1888, and that on that day the plaintiff, who is a painter, was at work on the second floor of defendants' building above the machinery, in what is known as the finishing department, under one Britt, who had contracted to finish defendants' furniture. Directly under the floor upon which plaintiff was at work was run and operated various machinery, among which was what is known as a cutter-head, which consisted of a cast-iron wheel about ten inches in diameter, and two or three inches in thickness, with knives inserted for doing certain work in preparing lumber for bedsteads. It weighed between twenty and thirty pounds. While the plaintiff was at work on this second floor, the cutter-head, which was being revolved by machinery, broke, and a piece of it was thrown upward through the floor upon which plaintiff was at work, and cut off the plaintiff's leg as to make amputation above the knee necessary. The plaintiff alleged that defendants negligently had and used defective machinery, and that the cutter-head was negligently made of defective material, and was defectively and negligently constructed and placed, and that the defendants knew, or could, by due diligence, have known of such defects, and that they employed incompetent servants and negligently run their machinery. The defendants contend that if the machinery was defective or made of defective material, they did not know it, nor could they, by due diligence, have known it, and that they did not employ incompetent servants or negligently run their machinery.

The following were issues submitted, with the responses thereto :

1. Did defendants have and use defective machinery, as alleged in the complaint? Yes.

2. Did the defendants know, or could they, by due diligence, have known of such defects? No.

3. Was the plaintiff injured by the defective machinery of the defendants? Yes.

4. Did the defendants negligently run their machinery? Yes.

5. Was the plaintiff injured by such negligent running? Yes.

6. Did the defendants employ incompetent servants? No.

7. What damage is plaintiff entitled? Two thousand dollars.

The plaintiff introduced a witness who stated that the cutter-head that broke and caused the injury was made of cast-iron, and that it had been replaced by another. The plaintiff's counsel then asked this question: "Of what material was the other made?" Defendants objected to this question. Plaintiff's counsel stated that it was asked to show that the cast-iron cutter was defective, and that the defendants could have discovered that a cast-iron wheel was insufficient to run 4,480 revolutions a minute. Question admitted, and defendants excepted.

The witness answered: "The other cutter-head was made of bsass. I don't know that a brass wheel is stronger than an iron one."

No counsel for plaintiff.

*Messrs. L. L. Witherspoon* (by brief) and *P. D. Walker,* for defendant.

Shepherd, J.: Under the view which we have taken of this case it is unnecessary to pass upon the alleged inconsistencies in the findings of the jury, and all of the objections urged against the rulings of his Honor.

In view of the findings upon the second and sixth issues, it was necessary for the plaintiff to have the fourth issue

found in his favor, and to this end he was permitted, against the objection of the defendants (for the purpose of showing negligence by running the "cutter-head" at an excessive speed), to prove that, after the accident, the defendants substituted another "cutter-head" made of brass, and that they ran this at a much slower rate of speed.

In *Morse* v. *Minneapolis & St. R. R. Co*, 11 Am. & Eng., R. R. cases, 168, the Court, after remarking that such evidence had been admitted by them in some previous cases, deliberately overruled such former decisions. The Court say that "it forms no basis for construing such act as an admission of previous neglect of duty. A person may have exercised all the care which law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence." *Dovgan* v. *Champlain Transportation Co.*, 56 N. Y., 1; *Sewell* v. *City of Cohoes*, 11 Hun., 626; *Baird* v. *Daily*, 68 N. Y., 547.

While we do not say that there may not be peculiar cases in which such testimony may be relevant, we are entirely satisfied with the above reasoning as applicable to the facts of the present case. The testimony was improper, and probably had a very important influence with the jury in making up their verdict.

Error.