MYERS v. LUMBER CO.

(Filed November 19, 1901.)

1. MASTER AND SERVANT—*Employer and Employee—Negligence.*

An employer owes to his employee the duty to be reasonably careful to provide safe appliances and machinery, a safe place in which to work, and a reasonably safe way for getting to and from his work.

2. EVIDENCE—*Incompetent—Negligence—Master and Servant.*

In an action by an employee to recover for injuries alleged to have been caused by the negligent arrangement of machinery, evidence that the machinery was, after the injury, removed to another part of the room, is incompetent.

Action by C. A. Myers against the Concord Lumber Company, heard by Judge *Geo. H. Bro vn, Jr.,* and a jury, at

January Term 1901, of the Superior Court of CABARRUS County. From a judgment for the plaintiff, the defendant appealed.

*Montgomery & Crowell,* for the plaintiff.
*W. G. Means,* and *Jones & Tillett,* for the defendant.

MONTGOMERY, J. An employer owes to his employee the duty to be reasonably careful, to provide sound and safe appliances and machinery, and also to see that the place prepared for him in which he is to do his work, and the ways provided for getting to and from it, be reasonably safe. *Chesson v. Lumber Co.,* 118 N. C., 59.

The plaintiff, a servant of the defendant, complains that the defendant neglected and failed to use such care and forethought as a reasonably prudent man would have done under the circumstances at the time of his injury by the defendant's machinery.

The defendant excepted to the following instructions given to the jury:

"If you find the facts to be that the defendant unnecessarily and dangerously permitted shavings to accumulate in the passageway near the moulder, and that the plaintiff, in obedience to the superintendent's orders, was compelled to pass near them, and that they caused him to fall and slip and cut himself, that would be negligence, and you should answer the first issue 'Yes.'"

"If you find the facts to be that the rip-saw and moulding-machine were dangerously close, and that in order to comply with the superintendent's order the plaintiff was compelled to pass with a load in his arms between them, and that the defendant company had permitted the regular passageway for this lumber to become filled up with plank, and had failed to provide another, that would be negligence upon the

part of the defendant, and if the plaintiff was injured there-by—if that negligence caused his injury—your answer to the first issue should be 'Yes.'"

"So if the jury find that a counter-shaft, or loose pulley, or a covering for a saw running naked was a proper and reasonable safeguard for its employees, and the defendant failed to provide it, that is negligence; and if the jury find that the plaintiff was injured by reason of such negligence they will answer the first issue 'Yes.'"

We see no error in the charge. The instructions were based on repeated decisions of this Court, and there was evidence upon which they were formulated.

But there must be a new trial in this case because of the admission of incompetent evidence. The plaintiff was allowed to testify for the purpose of showing negligence on the part of the defendant that, sometime after he was injured, the saw, by contact with which he was hurt, and which was alleged to have been negligently situated with reference to other appliances and machinery of the defendant, was removed by the defendant to another part of the room. That evidence was incompetent, and it tended to prejudice the jury against the defendant. *Lowe v. Elliott,* 109 N. C., 581.

The Supreme Court of Minnesota, in *Morse v. Railroad,* 30 Minn., 465, reversing a former ruling in which they had held that such evidence was competent, said: "But on mature reflection we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this Court is on principle wrong. * * * A person may have exercised all the care which the law requires, and yet in the light of this new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the

lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence.   We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence.   The same rule was adopted by the Supreme Court of the United States in the case of *Railroad v. Hawthorne,* 144 U. S., 202, and appears to be well settled in England.   *Heart v. Railroad,* 21 Law Times (N. S.), 261, 263."

New Trial.