JONES v. TOBACCO CO.

(Filed April 24, 1906).

*Master and Servant — Proximate Cause — Shields for Saws — Appliances in `General Use — Evidence — General Custom.*

1.  In an action for damages for personal injuries, the failure of the defendant to provide a shield or covering for a saw running naked when such protection for the operative is a reasonable protection and in general use, would constitute negligence, and such negligence would be the proximate cause of the injury the plaintiff suffered, if the shield would have prevented it.

2.  In order to show that shields for saws were in general use, plaintiff could show this by proving the general custom, or by showing that such a large number of factories and mills used the shields in similar work that the jury might draw the inference of a general custom.

3.  Where the only negligence alleged and relied upon by plaintiff was that defendant negligently permitted the saw to remain without shield or hood and there was evidence tending to prove that defendant did furnish the proper shield, an instruction that "if the jury find from the evidence that defendant did furnish the hood, and the plaintiff refused to use it, and his failure to use it was the proximate cause of the injury, he would not be entitled to recover," is erroneous, for if defendant did furnish the hood, the question of proximate cause does not arise.

ACTION by J. P. Jones against R. J. Reynolds Tobacco Co., heard by *Judge E. B. Jones* and a jury, at the December Term, 1905, of the Superior Court of FORSYTH.

JONES *v.* TOBACCO CO.

Action for damages for personal injury in which the usual issues as to negligence, contributory negligence and damage were submitted. From the verdict and judgment rendered, defendant appealed.

*J. S. Grogan* for the plaintiff.
*Watson, Buxton & Watson* and *Manly & Hendren* for the defendant.

BROWN, J. Plaintiff was a box maker in defendant's factory and as such operated a circular saw which projected through a table two or three inches and was alleged to be without any board or guard. The plaintiff testified that while at work he "reached out to remove some strips when my feet slipped from under me and I fell on my elbow, saving my face from the saw, my hand struck the back of the saw and cut off two of my fingers." The specific and only negligence alleged in the complaint and relied upon by plaintiff is as follows: "That defendant, without due care, negligently permitted this saw to remain without guard or shield, although such shield and protection was generally furnished by owners and operators of such machinery, and within a week this defendant had guards on all of its saws."

1. We think there was some evidence of negligence to go to the jury. If the defendant failed to provide a shield or covering for a saw running naked when such protection for the operative is a reasonable protection and in general use, it would constitute negligence. *Myers v. Lumber Co.,* 129 N. C., 254. The plaintiff undertook to show that such shields are in general use. He could show this by proving the general custom, or by showing that such a large number of factories and mills used the shields in similar work that the jury might draw the inference of a general custom. *Marks v. Cotton Mills,* 135 N. C., 292. If shields are a reasonable, usual and proper protection for the operative in

the kind of work plaintiff was engaged in, and intended and calculated to prevent the very injury the plaintiff suffered, it is not only negligence not to provide them, but such negligence is the proximate cause of the injury, if the shields would have prevented it.

2. There was evidence introduced by defendant tending to prove that it did furnish the proper shield, hood or screen for this saw operated by plaintiff and that he refused to use it. In that connection the judge charged, "But if you find from the evidence that defendant did furnish the hood or screen as it contends, and the plaintiff refused to use it, and his failure to use it was the proximate cause of the injury, he would not be entitled to recover, and you would answer the first issue 'no.'" To this charge defendant excepted. We think His Honor erred in submitting to the jury any question as to proximate cause in that connection. The negligent act or omission of duty upon the part of the defendant must first be determined before it becomes necessary to ascertain the proximate cause of an injury.

If the defendant did furnish the hood or shield for the saw, then the allegation of negligence is fully met, and the court should have directed the jury if they so find to answer the first issue no. There is then no question of proximate cause to be considered. If plaintiff refused to use the hood it is his own fault. The defendant discharged its duty when it caused a hood to be put over the saw.

Under the instruction given, the jury are not at liberty to determine that the hood was furnished and then answer the issue no, but before they can so answer it they must proceed to find something else, viz., that the plaintiff's failure to use it was the proximate cause of the injury. If the jury shall find that the defendant furnished the hood or shield, there is no negilgence on the part of the defendant proved, and that should end the case.

New Trial.