## ALLIE TISE v. TOWN OF THOMASVILLE.

(Filed 11 November, 1909.)

**1. Cities and Towns—Negligence—Subsequent Repairs—Evidence Contradictory.**

In an action for damages alleged to have been caused by plaintiff's horse stepping into a hole in the street negligently left there by defendant town, it is competent for plaintiff to show that the hole had been filled after the accident to contradict the defendant's evidence tending to show it had been filled before the accident; though incompetent to show negligence by the mere fact of subsequent repairs.

**2. Cities and Towns—Negligence—Subsequent Repairs—Evidence Corroborative.**

When plaintiff seeks to recover damages of a town for its alleged negligently leaving a hole in the streets which caused the injury complained of, and the defendant has introduced evidence tending to show that it had theretofore filled the hole, it is competent for plaintiff to show that the hole was afterwards filled as corroborative of her evidence of the existence of the hole at the time and place.

**3. Evidence—Restrictive—Exceptions—Appeal and Error.**

When evidence is competent for some purpose, its general admission is not reversible error unless the appellant asks at the time of the admission that it be restricted.

**4. Instructions—Appeal and Error—Presumption.**

When nothing to the contrary appears of record on appeal, the presumption is that the lower court gave correct instructions to the jury.

**5. Negligence—Permanent Damages.**

In this case the court properly permitted the jury to assess permanent damages to plaintiff, under the evidence, for injury received by reason of her horse stepping into a hole left by defendant upon its street.

APPEAL by defendant from *E. B. Jones, J.,* February Term, 1909, of DAVIDSON.

The facts are stated in the opinion of the Court.

*Watson, Buxton & Watson* and *McCrary & McCrary* for plaintiff.

*Emery E. Raper* for defendant.

CLARK, C. J. Action for damages for personal injuries to plaintiff, from her horse stepping into a hole in the street. The defense put on evidence that the hole had been filled up before the day the injury was alleged to have occurred. The plaintiff, in reply, was allowed to show that the hole was filled after the accident, and the defendant excepted.

The general rule is, that the plaintiff cannot show that after the accident the defect which caused the injury was repaired. *Lowe v. Elliott,* 109 N. C., 581; *Myers v. Lumber Co.,* 129 N. C., 252.

Subsequent repairs are not an admission of previous culpable negligence, nor should the parties be deterred from making repairs for fear it should be so held. But here, the defendant having put on evidence that the hole in the roadway had been filled up before the day of the injury, it was competent to show that the repairs were made afterwards—not that the repairs were evidence tending to prove negligence, but simply to prove their

date to contradict the defendant's witnesses. *Westfeldt v. Adams,* 135 N. C., 601.

The evidence was also competent in corroboration of the plaintiff's evidence of the existence of the hole at that time and place. The defendant contends that, in this view, the court should have instructed the jury that this evidence was admitted only in corroboration. But Rule 27 (140 N. C., 662) provides that this is not error, "unless the appellant asks, at the time of admission, that it be restricted." *Hill v. Bean,* 150 N. C., 437. Indeed, it does not appear that the judge did not give a proper instruction. The presumption is that he did, as there is no exception that he did not. *State v. Powell,* 106 N. C., 638; *State v. Brabham,* 108 N. C., 796; *Byrd v. Hudson,* 11 N. C., 211.

The only other exception is, that the court permitted the jury to consider "permanent injury" as an element in assessing the damage. The court submitted to the jury the question whether or not there was permanent injury, and there was evidence which justified him in so charging.

No error.