CLARK, C. J., concurring in result, discusses grade crossings.
Plaintiff alleged that in his intestate, J. W. Stout, was killed by a collision between an automobile, driven by another, in which he was riding, and a train of defendant at a crossing in East Kings Mountain on 17 August, 1914, and that his death was caused by defendant's negligence. The jury returned the following verdict:
1. Was the plaintiff's intestate killed by the negligence of the servants and agents of the Southern Railway Company, as alleged in the complaint? Answer: "No."
2. What damage, if any, is plaintiff entitled to recover? No answer. Judgment thereon, and defendant appealed.
There was no issue as to contributory negligence, and there was no such question in the case, as it was not tried upon that theory, but rather upon the question of proximate cause. We have examined the charge carefully and find it to be an accurate (855) statement of the law as applicable to the facts, and it was in exact accordance with the principles as laid down by this Court in Cramptonv. Ivie, 126 N.C. 894, and Bagwell v. R. R., 167 N.C. 611. See, also, 2 Ruling Case Law, p. 1205. The questions were as to who was negligent and as to whose negligence was the proximate cause of the intestate's death, unaffected by any contributory negligence on his part. This controversy was submitted to the jury clearly and explicitly, with *Page 912 
a fair and impartial statement of the several contentions and a correct application of the law to the facts as the jury might find them to be, following closely the above cited cases. The court instructed the jury that "There is no question of contributory negligence in the case, since the law does not impute the negligence of the driver of the automobile to plaintiff's intestate." The rules in regard to positive and negative testimony (S. v. Murray, 139 N.C. 540; Rosser v. Bynum, 168 N.C. 340), and the duty of the engineer to persons on or near the track of a railroad, were properly stated by the court and with apt illustration. Syme v. R. R.,113 N.C. 558; Treadwell v. R. R., 169 N.C. 694; 33 Cyc., 800. If the contentions of the respective parties were incorrectly given, it was required of plaintiff that the judge's attention should be called to the error in due time, so that he might correct it. Nevin v. Hughes,168 N.C. 477. If the defendant desired that the court submit to the jury any special theory of the case, which was supported by evidence, he should have asked for an appropriate instruction. Penn v. Ins. Co., 168 N.C. 399. But the contentions of the parties were fully and fairly stated to the jury with proper discrimination as to their bearing upon the issues, and plaintiff has no cause to complain on this score.
There are some questions of evidence, but none of them, had there been any error, is of importance enough to warrant a reversal. The judge was correct in all these rulings. As to some of the questions excluded there was no sufficient indication of what the witness would have answered, and others had no substantial relevancy to the case. The evidence admitted on plaintiff's objections was clearly competent. The requests for instructions as to contributory negligence were given in the charge to the extent that plaintiff was entitled to them. The negligence of the driver was permitted to be considered by the jury only upon the question of proximate cause, and this view is sustained by Crampton v.Ivie, supra, and Bagwell v. R. R., supra. The subsequent changes in signals or warnings for additional safety were properly excluded under the circumstances as proof of negligence. Precautions against the future cannot be considered as an admission of actionable negligence in the past. R. R. v. Hawthorne, 144 U.S. 202 (36 L.Ed., 405). (856) The Court said in that case: "A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement *Page 913 
for continued negligence." 30 Minn. 465, 468. The same rules appears to be well settled in England. In a case in which it was affirmed by the Court of Exchequer, Baron Bramwell said: "People do not furnish evidence against themselves simply by adopting a new plan in order to prevent the recurrence of an accident. I think that a proposition to the contrary would be barbarous. It would be, as I have often had occasion to tell juries, to hold that, because the world gets wiser as it gets older, therefore it was foolish before." Hart v. R. R., 21 Law Times (N.S.), 261, 263. The Court also said in that case (R. R. v. Hawthorne, supra):
"Upon this question there has been some difference of opinion in the courts of the several States. But it is now settled, upon much consideration, by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant," citing many cases, and, among others, Morse v. R. R., 30 Minn. 465; Corcoran v.Peekskill, 108 N.Y. 151; R. R. v. Clem, 123 Ind. 15. Part of the above quotation was taken from the opinion of that learned and able jurist, Judge Mitchell, delivered by him in Morse v. R. R., supra. We adopted the same rule in Lowe v. Elliott, 109 N.C. 581, and approved what is above quoted from opinion of Mitchell, J., in Morse v. R. R., citing three other cases, Dougan v. Transportation Co., 56 N.Y. 1;Sewell v. Cohoes, 11 Hun., 626, and Baird v. Daily, 68 N.Y. 547. The case of Lowe v. Elliott was approved in Myers v. Lumber Co., 129 N.C. 252;Aiken v. Mfg. Co., 146 N.C. 324; Tise v. Thomasville, 151 N.C. 281;Boggs v. Mining Co., 162 N.C. 393. We do not say that there may not be peculiar cases in which such testimony may be relevant, but this is not one of them. Lowe v. Elliott, supra. We have admitted such evidence under special circumstances. Pearson v. Clay Co.,162 N.C. 224, and in Boggs v. Mining Co., supra, it was stated that (857) the general rule as laid down in Lowe v. Elliott is subject to certain exceptions, which do not extend, as we have said, to this kind of case.
We have considered the record in this appeal most carefully in view of the commendable zeal of and the able presentation of it here by counsel for plaintiff, but we have been unable to conclude otherwise than that the learned judge who presided at the trial committed no error, but in every respect thoroughly safeguarded the plaintiff's interests.
No error. *Page 914