Action for damages. Plaintiff alleges that he was injured by defendant's negligence under the following circumstances. It was (467) the duty of the plaintiff, as an employee of the defendant, to paint automobile bodies for Ford cars. The painting is done in this way: The paint is placed in an overhead tank with a hose attached; underneath this overhead tank is what is called the drip pan, which is in the share of a square with an open end. The Automobile bodies are placed on trucks, the bodies being longer and broader than the trucks and so project from the sides and *Page 497 
ends of the trucks. The trucks with the automobile body on it is then run into the open end of the drip pan and the paint is sprayed on the body by use of the hose attachment to the overhead paint tank. The plaintiff averaged putting one coat of paint on about 100 bodies per day. It was the duty of the plaintiff to pull the truck with the body on it away from the drip pan as soon as he had sprayed it with a coat of paint, to make room for spraying another body. There was a hole worn in the cement floor just in front of the drip pan, over which it was necessary to pass the trucks in carrying the automobile bodies in and out from the drip pan. Standing in the hole were two iron spikes from one to two inches high. These spikes, at the time in question, were as plaintiff alleges, serving no useful purpose, but had been negligently left standing in the roadway of the trucks. The automobile bodies which the plaintiff was required to paint, weighed about 480 pounds. On or about 27 July, 1917, the plaintiff took out several trucks with bodies thereon from the drip pan after spraying the (468) same, the trucks starting without trouble from off the sheet-iron upon which they were standing, but when they reached the defective place in the floor above described, and an account of the wheels of the trucks, striking the hole in the floor and the iron spikes, the plaintiff received a jerk or strain which ruptured him and caused him to have a painful hernia.
Defendant denies all allegations of negligence, including this allegation (No. 7) of the complaint: "That there was a hole in the cement floor just in front of the drip pan over which it was necessary to pass the trucks in carrying the automobile bodies in and out from the drip-pan; that this hole was about 12 or 16 inches square or large and from an inch to two inches deep. "Evidence was admitted over defendant's objection that repairs had been made after the accident to the cement floor of the garage where plaintiff alleges there was a hole and a spike. There were other exceptions, which are noted in the opinion of the Court by Walker, J.,
The jury returned a verdict finding that there was negligence which proximately caused the injury, but that there was no contributory negligence, and assessed the damages. Defendant appealed from the judgment thereon.
after stating the case: We have not set out the evidence, charge, and objections of the defendant extensively, but have stated so. *Page 498 
much of them as will be necessary for a consideration of the assignments of error.
1. The evidence as to repairs was competent in one view of the case. It comes within the exception to the general rule, that such evidence is not admissible to show negligence. It seems to us that Tise v. Thomasville,151 N.C. 281, is directly in point, as the plaintiff in that case was permitted to show that a hole was filled up, as proof of the condition existing at the time of the injury and to contradict or corroborate witnesses.
We said in Pearson v. Clay Co., 162 N.C. 224, 225; "To show that a hole into which he had fallen, as he had testified had been filled up after the occurrence was competent, not to prove negligence but to contradict defendant's assertion that the hole was not there at the time of the alleged fall, it having been filled up."
In R. R. v. Hawthorn, 144 U.S. 202, it was said, in discussing the rule: "Upon this question there has been some difference of opinion in the courts of the several States. But it is now settled upon much (469) consideration by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant has been negligent before the accident happened, and is calculated to district the minds of the jury from the real issue and to create a prejudice against the defendant." citing many cases and among others Morse v. R. R., 30 Min., 465; Corcoran v. Peekskill, 108 N.Y. 151; R. R., v. Clem,123 Ind. 15. Part of the above quotation was taken from the opinion ofJudge Mitchell, delivered by him in Morse v. R. R., supra. This Court adopted the same rule in Lowe v. Elliott, 109 N.C. 581, and approved what is above quoted from the opinion of Mitchell, J., in Morse v.R. R., citing three other cases, Dougan v. Transportation Co.,56 N.Y., 1; Sewell v. Cohoes, 11 Hun, 626, and Baird v. Daily, 68 N.Y. 547. The case of Lowe v. Elliott was approved in Myers v. Lumber Co.,129 N.C. 252; Aiken v. Mfg. Co., 146 N.C. 324; Tise v. Thomasville, supra;Boggs v. Mining Co., 162 N.C. 393. see Lockhart on Evidence, sec. 168.
But there are exceptions to this rule, some of which, with the reason for the rule, are stated in 29 Cyc., 616, 617, 618, and in the authorities which we have already cited. In this case the defendant denied that the hole and spike were out of the character described by the defendant, and this evidence tended to corroborate the plaintiff and his witnesses. This kind of testimony should be carefully explained to the *Page 499 
jury by the court, and they should be instructed not to consider it as evidence of negligence, but should confine it strictly to the purpose for which it is admitted. But if the judge fails to do so, it is not reversible error, unless he was asked for a special instruction thus restricting it. Rule 27 (164 N.C. 438); Tise v. Thomasville, supra, where it is said, at p. 282: "It was competent to show that the repairs were made afterwards — not that the repairs were evidence tending to prove negligence, but simply to prove their date to contradict the defendant's witnesses."Westfeldt v. Adams, 135 N.C. 591.
The evidence was also competent in corroboration of the plaintiff's evidence of the existence of the hole at that time and place. The defendant contends that, in this view, the court should have instructed the jury that this evidence was admitted only in corroboration. But Rule 27 (140 N.C. 692) provides that this is not error "unless the appellant asks, at the time of admission, that it be restricted." Hill v. Bean, 150 N.C. 437. Indeed, it does not appear that the judge did not give a proper instruction. The presumption is that he did, as there is no exception that he did not. S. v. Powell, 106 N.C. 638; S. v. Brabham, 108 N.C. 796; Byrdv. Hudson, 11 N.C. 211.
2. The testimony of the plaintiff as to the cause of his injury (470) was harmless. He stated that he felt the severe pain immediately after he had received the injury. He had no hernia before and there was scarcely any evidence to show that the hernia was not caused by the jerking of his body by the truck; but, on the contrary, it all tended strongly and almost conclusively to show that it was so caused.
3. The exhibition of a spike, not the one which was in the hole, was likewise harmless. It was offered, not to identify it as the one which caused or helped to cause the injury, but as being like it in size and from, for the purpose of giving the jury some light upon the question as to whether the spike was at all instrumental in injuring the plaintiff; (like a map or diagram is used in some cases), and as evidence it was merely explanatory.
4. We have read the complaint carefully, and are of the opinion that there is sufficient allegation therein as to the clogging of the truck's wheels. We must give it a liberal construction. Blackmore v. Winders,144 N.C. 215; Brewer v. Wynne, 154 N.C. 467; Talley v. Granite Co.,174 N.C. 445; Simmons v. Roper L. Co., 174 N.C. 220. In the first of these cases we said:
"The uniform rule prevailing under our present system is that for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. Revisal, sec. 495. This does *Page 500 
not mean that a pleading shall be construed to say what it does not, but that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. Buie v. Brown, 104 N.C. 335. As a corollary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements; for contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it can be rejected as insufficient."
This is as to the sufficiency of the pleading. If a more definite allegation be deemed necessary by the opposite party, he should ask, by motion, that it be made more certain. Mullinax v. Hard, 174 N.C. 607. Speaking to an objection that there was a variance between an allegation of general and special damages and the proof, we said recently (471) in Conrad v. Shuford, 174 N.C. 719, that "The mere fact that she did not enumerate all of the particulars of her general damages did not deprive her of the right to prove them. All the injuries which the plaintiff suffered as a result of the collision are quite plainly charged to have been caused directly and immediately by the negligence and reckless act of the defendants in running by her vehicle and scaring her team. The description of the injuries was not as exact as it might have been made, but sufficiently definite. The pleader is not required by the rule to go into an account of minute details and to specify every muscle that ached and every nerve that throbbed, every contusion or fracture, and every racking pain. If a more definite statement of the injuries was desired, the defendant could have asked for a bill of particulars," citing several cases.
As to the objection that there is variance between allegation and proof, we can well repeat here what was said in Simmons v. Roper L. Co., 174 N.C. at p. 228: "The defendant's next position is that there was a variance between the allegations and the proof; but we think the complaint is sufficiently broad in its allegations when considered under the liberal construction to which it is entitled by our Code, to include a cause of action such as corresponds with the evidence, especially section 5, which is more general in its allegations. Besides, if there was any lack of correspondence between the allegations and the proof, *Page 501 
Revisal, secs. 515-516, provides how a party may take advantage of it; and when the procedure there presented is not followed, the variance is deemed immaterial under section 515." We conclude therefore, that there was no substantial variance, and certainly none which in the state of the record is available to the defendant.
5. If the court improperly stated the contentions of defendant, the matter should have been called to the judge's attention in due time, so that he could have an opportunity to correct his statement of them. Other wise they are not ground for exception. S. v. Johnson, 172 N.C. 920;Jeffress v. R. R., 158 N.C. 215; S. v. Blackwell, 162 N.C. 672.
6. In actions for personal injuries, one of the elements for the assessment of actual or compensatory damage is mental anguish. The rule of damages in such cases is stated in Wallace v. R. R., 104 N.C. 442,452 (where the plaintiff was injured by defendant's negligence), as follows: "In this class of cases (injury by negligence), the plaintiff is entitled to recover as damages one compensation for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he is entitled to recover) for loss of body and mind, which are the immediate and necessary consequences (472) of the injury." The rule as thus formulated was taken from 3 Southerland on Damages (1st Ed.), p. 261, and is sustained by many cases here and elsewhere. Osborn v. Leach, 135 N.C. 633, and cases which are collected in the Annotated Edition of 104 N.C. at p. 452. Two of the more recent cases in which the rule was approved as being "full and comprehensive," are Patterson v. Nichols, 157 N.C. 407, and Rushing v. R. R., 149 N.C. at pp. 161, 163. Of course there must be direct or circumstantial evidence from which the jury may infer that the injury was accompanied by mental anguish, and there was such in this case, as appears in the record.
We have carefully examined and considered all of the defendant's exceptions, and have reached the conclusion that the rulings of the learned presiding judge were free from error, and that the case was correctly tried in all respects.
No error.
Cited: Manufacturing Co. v. Building Co., 177 N.C. 106; Holt v.Manufacturing Co., 177 N.C. 178; Beck v. Tanning Co., 179 N.C. 126; Ricksv. Brooks, 179 N.C. 209; State v. Lowe, 187 N.C. 39; Pridgen v. Pridgen,190 N.C. 105; Nye v. Williams, 190 N.C. 133; State v. *Page 502 Steele, 190 N.C. 510; Shelton v. Railroad, 193 N.C. 674; Krites v. Plott,222 N.C. 683; Fanelty v. Jewelers, 230 N.C. 698; Mintz v. Railroad,236 N.C. 113.
(473)