### MRS. NOLA H. FANELTY v. ROGERS JEWELERS, INC.

(Filed 12 October, 1949.)

**1. Appeal and Error § 39e—**

The exclusion of evidence cannot be held prejudicial when substantially the same evidence is subsequently admitted.

**2. Evidence § 42d—**

In order for an admission of the agent to be competent against the principal, the admission must be relevant to the issue, the agent must have been acting within the scope of his authority in making the admission, and the admission must relate to a transaction pending at the time it was made.

**3. Same—**

An admission by the manager of a store as to the conditions of its entrance, made some thirty days after plaintiff's fall at the store entrance, is incompetent in the absence of evidence that the agent had any independent authority to speak for the defendant store as to the subject of the declaration.

**4. Evidence § 45—**

Testimony of a statement by the manager of defendant store that the store had "a very dangerous front" is incompetent as an expression of opinion rather than a statement of fact.

**5. Negligence § 4f (2)—**

The fact that, subsequent to the fall of a patron on the entrance of defendant's store, defendant covered the entryway with rubber matting, is not an implied admission of negligence and is incompetent.

**6. Same: Evidence § 26—**

Testimony of a witness as to the slippery condition of defendant's store some six months prior to the injury in suit is incompetent to show the condition of the floor at the time of the injury, since such condition is of temporary character and could raise no inference as to the floor's condition at the subsequent date.

**7. Negligence § 4f (2)—**

It is the legal duty of a store proprietor to exercise ordinary care to keep the entryway to its shop in a reasonably safe condition for the use of customers entering or leaving the premises, and to warn them of hidden perils in the entryway known to it or ascertainable by it through reasonable inspection and supervision.

**8. Same—**

No inference of actionable negligence on the part of a store proprietor arises from mere fact that a patron suffers personal injury from a fall occasioned by stepping on some slippery substance on the premises.

**9. Same—**

Evidence that plaintiff stepped in some substance of an oily, greasy or slippery nature upon the entryway to defendant's store, without evidence as to the size or dangerous character of such substance, or that defendant placed or permitted it to be in the entryway, and without evidence as to the length of time it had been there prior to plaintiff's injury, is insufficient to overrule defendant's motion to nonsuit.

**10. Same—**

The fact that a recessed entryway to a store is floored with terrazzo, sloping from the entrance door to the sidewalk at a rate not exceeding one-half inch per foot, is insufficient of itself to show negligent construction of the entryway.

APPEAL by plaintiff from *Edmundson, Special Judge,* and a jury, at the May Term, 1949, of WAYNE.

The plaintiff sued the defendant in the court below to recover damages for personal injuries suffered by her from falling in the entryway to the defendant's jewelery store on South Center Street in Goldsboro, North Carolina. In her complaint, the plaintiff charged that her fall was the proximate result of negligence of the defendant in one or more of these

respects: (1) In paving the entryway with a "hard, slippery, smooth and marble-like" material, which sloped downwards from the door to the inner edge of the sidewalk; (2) in causing or permitting some substance of "an oily, greasy, or slippery nature" to be put upon the floor of the entryway and to remain thereon in such an excess quantity as to endanger customers entering or leaving the store; and (3) in failing to inspect the entryway and to discover such "unsafe and dangerous condition" of the floor of the entryway in time to remove the danger or to give warning of its presence to customers. The defendant answered, denying actionable negligence and pleading contributory negligence.

Evidence adduced by the plaintiff tended to establish the matters set out below.

The defendant sells jewelry and other merchandise at a store situated on the western side of South Center Street in Goldsboro. The entrance door of the store is set back from the inner edge of the sidewalk about ten feet, and is connected with the sidewalk by a recessed entryway flanked on each side by display windows. The floor of the entryway is terrazzo, which consists of small chips of marble set irregularly in cement and polished. It is smooth and slops downward from the entrance door to the sidewalk at a rate not exceeding one-half inch per foot.

At 1:00 o'clock p.m. on 5 December, 1947, the plaintiff went to the defendant's store "looking for Christmas gifts." She had visited the establishment "every day or two . . . for six months or a year," and was familiar with the character and condition of the entryway. As she entered the store, she "did not see any wax" on the terrazzo flooring.

Plaintiff tarried in the store for some fifteen minutes. As she was leaving, she slipped and fell on the floor of the entryway, sustaining substantial personal injuries.

The only witness giving any direct evidence concerning the fall was the plaintiff, who testified on this aspect of the case as follows: "When I came out of the store on this day going toward the sidewalk my feet were not wet. When I got about the middle of the walkway I stepped on a slick place and began sliding. I tried to brace myself, and fell. I had not felt any slick place before I hit that spot where I fell. . . . I could not see the slick place where I slipped as I approached it. I did not find out about the place being slick until I stepped on it . . . I really don't know what I stepped on, but it felt like a slick place; that's all . . . In my opinion the place where I slipped was waxed. I didn't find another waxed spot in that entrance except the one on which I fell."

The only other witness professing any personal knowledge of the state of the entryway at the time in controversy was the plaintiff's witness, Wayne Broadhurst, who was then serving the defendant in the capacity of janitor. He testified that he employed a floor dressing called "zip"

inside the store, but that he never used anything except a mop and water on the floor of the entryway.

When the plaintiff rested her case, the court adjudged her evidence insufficient to support a verdict in her favor, and dismissed the action by a compulsory judgment of nonsuit. G.S. 1-183. The plaintiff excepted and appealed, assigning the granting of the nonsuit and the exclusion of certain evidence as errors.

*W. Jack Hooks and Scott B. Berkeley for plaintiff, appellant.*
*Langston, Allen & Taylor for defendant, appellee.*

ERVIN, J. First consideration will be given to the assignments of error relating to the exclusion of testimony.

The plaintiff was not hurt by the rulings covered by her first and second exceptions because substantially the same evidence was subsequently admitted. *Metcalf v. Ratcliff,* 216 N.C. 216, 4 S.E. 2d 515; *Bryant v. Reedy,* 214 N.C. 748, 200 S.E. 896; *Keith v. Kennedy,* 194 N.C. 784, 140 S.E. 721.

The third exception challenges the ruling of the court excluding testimony tending to show that at least one month after the plaintiff's fall Bill Avery, the manager of the defendant's store, stated to plaintiff's counsel in a casual conversation that the store had "a very dangerous front." There was no fact or circumstance indicating that Avery had any independent authority to speak for the defendant as to the subject of the declaration. Stansbury: North Carolina Evidence, section 169. This being so, the propriety of the ruling in question is to be determined by recourse to the general rule that an admission of an agent is not competent against his principal unless it meets this threefold test: (1) The admission must be relevant to the issue; (2) the agent must have been acting within the scope of his authority in making the admission; and (3) the transaction to which the admission relates must have been pending at the time when it was made. *Salmon v. Pearce,* 223 N.C. 587, 27 S.E. 2d 647; *Caulder v. Motor Sales, Inc.,* 221 N.C. 437, 20 S.E. 2d 338; *Howell v. Harris,* 220 N.C. 198, 16 S.E. 2d 829; *Hester v. Motor Lines,* 219 N.C. 743, 14 S.E. 2d 794; *Bank v. Toxey,* 210 N.C. 470, 187 S.E. 553; *Staley v. Park,* 202 N.C. 155, 162 S.E. 202; *Bank v. Sklut,* 198 N.C. 589, 152 S.E. 697; *Pangle v. Appalachian Hall,* 190 N.C. 833, 131 S.E. 42; *Berry v. Cedar Works,* 184 N.C. 187, 113 S.E. 772; *Bank v. Wysong & Miles Co.,* 177 N.C. 284, 98 S.E. 769. The declaration of the manager of the defendant's store did not fulfill the second and third prerequisites to admissibility, and was rightly rejected. Moreover, the statement was incompetent for another reason. It was an expression of opinion rather than a statement of fact. *National Life & Accident Ins. Co. v. McGhee,*

238 Ala., 471, 191 So. 884; *Wert v. Equitable Life Assur. Soc. of U. S.,* 135 Neb. 654, 283 N.W. 506; *Edwards v. Maryland Motorcar Ins. Co.,* 204 App. Div. 174, 197 N.Y.S. 460.

The fourth and fifth exceptions are to the rejection of evidence indicating that at some undisclosed time subsequent to plaintiff's fall the defendant covered the part of the entryway between the entrance door and the sidewalk with rubber matting. The testimony relating to this change in the condition of the premises was offered for the avowed purpose of showing that defendant was negligent on the particular occasion in controversy. Consequently, it was properly excluded. *Shelton v. R. R.,* 193 N.C. 670, 139 S.E. 232; *Farrall v. Garage Co.,* 179 N.C. 389, 102 S.E. 617; *Muse v. Motor Co.,* 175 N.C. 466, 95 S.E. 900; *Boggs v. Mining Co.,* 162 N.C. 393, 78 S.E. 274; *Tise v. Thomasville,* 151 N.C. 281, 65 S.E. 1007; *Aiken v. Manufacturing Co.,* 146 N.C. 324, 59 S.E. 696; *Lowe v. Elliott,* 109 N.C. 581, 14 S.E. 51. The rule excluding evidence of subsequent repairs and precautions when offered to establish antecedent negligence is founded on the sound policy "that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers." *Terre Haute & I. R. Co. v. Clem,* 123 Ind. 15, 23 N.E. 965, 18 Am. St. R. 303, 7 L.R.A. 588.

The sixth and seventh exceptions embrace rulings of the court rejecting testimony of the plaintiff's witness, Miss Annie Davis, that she visited the defendant's store right after the terrazzo flooring was put in the entryway; that she then observed what she took to be wax upon "the whole floor" of the store; and that she thereupon told one of the defendant's clerks that "it was too slippery." This witness could not fix the date of her observation and remark. The plaintiff testified, however, that the terrazzo was placed in the entryway "several months—six months or a year" before her fall. The testimony under scrutiny was tendered by plaintiff as a basis for invoking the evidential rule that "proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time." 31 C.J.S., Evidence, section 124. The court rightly refused to admit the testimony even if it be assumed that the observation and remark of the witness applied to the entryway as well as the inside of the store. The condition described by the witness was of a highly temporary character. Hence, no presumption of its continuance arose. *In re Will of George V. Credle,* 176 N.C. 84, 97 S.E. 151; *Ross v. City of Stamford,* 88 Conn. 260, 91 A. 201; Wigmore on Evidence (3d Ed.), section 437.

The remaining assignment of error is directed to the entry of the compulsory nonsuit, and raises this query: Was the testimony produced by plaintiff at the trial sufficient in law to support findings that defend-

ant failed to exercise proper care in performing some legal duty which it owed to the plaintiff under the circumstances in which they were placed, and that such negligent breach of duty was the proximate cause of plaintiff's fall and injury? *Truelove v. R. R.,* 222 N.C. 704, 24 S.E. 2d 537; *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661; *Gold v. Kiker,* 216 N.C. 511, 5 S.E. 2d 548. This question must be answered in the negative.

It was undoubtedly the legal duty of the defendant in its capacity as a storekeeper to exercise ordinary care to keep the entryway to its shop in a reasonably safe condition for the use of customers entering or leaving the premises, and to warn them of hidden perils in the entryway known to it or ascertainable by it through reasonable inspection and supervision. *Harris v. Montgomery Ward & Co., ante,* 485, 53 S.E. 2d 536; *Ross v. Drug Store,* 225 N.C. 226, 34 S.E. 2d 64; *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Pratt v. Tea Co.,* 218 N.C. 732, 12 S.E. 2d 242; *Griggs v. Sears, Roebuck & Co.,* 218 N.C. 166, 10 S.E. 2d 623; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Pridgen v. Kress & Co.,* 213 N.C. 541, 196 S.E. 821; *Williams v. Stores Co., Inc.,* 209 N.C. 591, 184 S.E. 496; *Fox v. Tea Co.,* 209 N.C. 115, 182 S.E. 662; *Cooke v. Tea Co.,* 204 N.C. 495, 168 S.E. 679; *Farrell v. Thomas & Howard Co.,* 204 N.C. 631, 169 S.E. 224; *Clark v. Drug Co.,* 204 N.C. 628, 169 S.E. 217; *Parker v. Tea Co.,* 201 N.C. 691, 161 S.E. 209; *Bowden v. Kress,* 198 N.C. 559, 152 S.E. 625; *Bohannon v. Stores Company, Inc.,* 197 N.C. 755, 150 S.E. 356. But the testimony will not justify the conclusion that the defendant breached its duty to the plaintiff in any respect.

No inference of actionable negligence on the part of the defendant arises from the mere fact that the plaintiff suffered personal injury from a fall occasioned by stepping on some slippery substance on the defendant's premises. *Harris v. Montgomery Ward & Co., supra; Fox v. Tea Co., supra; Parker v. Tea Co., supra; Bowden v. Kress, supra.* The evidence does not disclose the size or dangerous character of such substance or indicate that the defendant placed or permitted it to be in the entryway. *Pratt v. Tea Co., supra; Brown v. Montgomery Ward & Co., supra.* Indeed, the testimony of the plaintiff's witness, Wayne Broadhurst, affirmatively absolves defendant from responsibility for putting it there. No fact or circumstance adduced at the trial suggests that the substance had been upon the floor of the entryway for any appreciable period of time before the plaintiff stepped upon it and fell. In consequence, the evidence does not support the theory that the defendant ignored an opportunity to discover the substance and avoid injury to plaintiff by removing it or warning plaintiff of its presence prior to the accident. *Pratt v. Tea Co., supra; Fox v. Tea Co., supra; Cooke v. Tea Co., supra.* The fact that the surface of the terrazzo flooring was smooth

and sloped downward from the entrance door to the sidewalk was insufficient of itself to show negligent construction of the entryway. *Griggs v. Sears, Roebuck & Co., supra.* Moreover, there was no proof of any causal relation between the surface and slope of the entryway and the plaintiff's fall.

For the reasons given, the trial in the court below was free of legal error, and the judgment must be upheld.

Judgment affirmed.